UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLUFOLAJIMI ABEGUNDE,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, FCI-MENDOTA,<br><br>        Respondent. | No.  1:22-cv-01550-SKO (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br>**(Doc. 14)**<br><br>**ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br>**(Doc. 12)** |

Petitioner is a former federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  All parties having consented to the jurisdiction of a magistrate judge, the case was assigned to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c)(1). (Docs. 6, 8, 9.)

On December 2, 2022, Petitioner filed the petition for writ of habeas corpus in this Court. (Doc. 1.) On December 7, 2022, the Court issued an order directing Respondent to file a response to the petition. (Doc. 5.)  On February 15, 2023, Petitioner filed a motion for temporary restraining order. (Doc. 12.)  On March 8, 2023, Respondent filed a motion to dismiss the petition as moot as Petitioner has been granted the relief he sought and was released from custody.  (Doc. 14.)  For reasons discussed below, the Court will grant Respondent's motion and dismiss the

petition.

**DISCUSSION**

A.  Mootness

In 2019, Petitioner was convicted in the United States District Court for the Western District of Tennessee of numerous financial crimes.  See United States v. Abegunde, Case No. 2:17-cr-20238 (W.D. Tenn.).  In the instant petition, Petitioner claimed the Bureau of Prisons failed to award him earned time credits in contravention of the First Step Act.

On March 8, 2023, Respondent filed a motion to dismiss the petition alleging the petition has been rendered moot because Petitioner was awarded the credits he was seeking and was released from BOP custody, and the Court therefore lacks jurisdiction.  Review of the exhibits attached by Respondent show Petitioner was released from custody on February 22, 2023. (Doc. 14-1 at 90.)

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).  When a prisoner is released from custody, any habeas petition challenging continued detention becomes moot. Fender v. U.S. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir.1988).

Here, because Petitioner has been granted the relief he sought and is no longer in custody, the petition is moot.

B.  Motion for Preliminary Injunction

On February 15, 2023, Petitioner filed a motion for preliminary injunction seeking immediate release.  Because Petitioner has been released, his motion also is now moot.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED as moot;

3) Petitioner's motion for preliminary injunction is DENIED as moot; and

4) The Clerk of Court is DIRECTED to enter judgment.

This order terminates this action in its entirety.

IT IS SO ORDERED.

Dated:  **April 11, 2023**                               /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE